﻿Citation Nr: AXXXXXXXX
Decision Date: 03/19/19 Archive Date: 03/19/19

DOCKET NO. 181123-1623
DATE: March 19, 2019

ORDER

Readjudication of the claim for service connection for a sterility disability is warranted.

REMANDED

Entitlement to service connection for an acquired psychiatric disability is remanded.

Entitlement to service connection for a sterility disability is remanded.

FINDING OF FACT

New evidence was received after the October 2013 denial that is relevant to the issue of entitlement to service connection for sterility.

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for sterility have been met. Veterans Appeals Improvement and Modernization

Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran served on active duty from May 1980 to October 1984. The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Whether new and relevant evidence was presented to warrant readjudicating the June 2013 claim for service connection for a sterility disability.

The Veteran contends that she submitted evidence with her legacy system petition to reopen a claim for service connection for a sterility disability that is new and relevant and warrants readjudication of the issue.

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The questions in this case are whether the Veteran submitted evidence after the prior final denial of her claim for service connection for a sterility disability in the legacy system, and if so, whether that evidence is new and relevant to her claim.

The Board finds the Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to her claim. The Veteran was afforded a VA disability benefits questionnaire regarding the potential medical nexus of her claimed sterility in August 2017, after the October 2013 prior final legacy rating decision. The opinion was not already of record and may prove or disprove the nexus element of the claim for service connection for a sterility disability. Readjudication of the claim is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for an acquired psychiatric disorder is remanded.

The Veteran has been diagnosed with and has sought treatment in the past for depression and anxiety. 

The Veteran has stated that the medical treatment that she received while in-service has impacted her mental health and resulted in her current symptoms of depression and anxiety. Specifically, the Veteran received a cervical dilation and uterine curettage on June 11, 1982, which she believes resulted in her subsequent sterility disability. 

The Veteran was not afforded a VA examination or medical opinion for her claim of entitlement to service connection for an acquired psychiatric disorder. VA’s duty to assist includes providing a medical examination when it is necessary to make a decision on a claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159. In this case, although service treatment records are silent as to any diagnosis or treatment for an acquired psychiatric disorder during the Veteran’s active duty service, the Board finds that there is competent evidence that her current psychiatric disability may be associated with an in-service disease, injury or event. Specifically, as discussed above, prior to the October 2018 RAMP decision, the record contained a diagnosis of a psychiatric disability. Service treatment records also document an in-service procedure, and the Veteran stated that the medical procedure that she underwent during service resulted in her current depression and anxiety symptoms. As such, the Board finds a pre-decisional duty to assist error in that an examination and opinion were not obtained.

2. Entitlement to service connection for sterility now claimed as loss of use creative organ is remanded.

The Veteran believes that she received a partial hysterectomy while in service. While her service treatment records do not document a partial hysterectomy, they do indicate that she received a cervical dilation and uterine curettage on June 11, 1982. In August 2017, prior to the RAMP decision on appeal, a VA examiner provided a medical nexus opinion regarding the Veteran’s claimed sterility disability, finding that it was less likely than not that the Veteran’s symptoms in service are “related to her need for a partial hysterectomy.” This medical opinion is inadequate. The VA examiner did not address the underlying issue of whether the Veteran’s in-service procedure functionally resulted in her claimed sterility disability. This is a pre-decisional duty to assist error, requiring remand.

The matters are REMANDED for the following action:

1. Obtain an addendum medical opinion to determine the nature of the Veteran’s claimed sterility disability. The Veteran’s claims file must be made available to the examiner in conjunction with the examination. The need for an additional examination is left to the discretion of the examiner.

The examiner is asked to determine the following:

(a) Is the Veteran currently sterile?

(b) If the Veteran is currently sterile, is it at least as likely as not (a 50 percent or greater probability) that it is related to her military service, to include her treatment for menstrual symptoms, which included undergoing a cervical dilation and uterine curettage.

2. Obtain an addendum medical opinion to determine the nature of the Veteran’s claimed sterility disability. The Veteran’s claims file must be made available to the examiner in conjunction with the examination. The need for an additional examination is left to the discretion of the examiner.

The examiner must provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s currently diagnosed depression, anxiety, or any other psychiatric diagnosis began in service or is otherwise related to the in-service cervical dilation and uterine curettage.

 

BETHANY L. BUCK

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD David M. Sebstead, Associate Counsel